**Rodney MCCAIN, Plaintiff-Appellant**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant-Appellee**

**No. 16-2688**

United States Court of Appeals, Eighth Circuit.

Submitted: January 26, 2017

Filed: February 3, 2017

Rodney McCain, Pro Se

Stacey E. McCord, Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Arkansas, Little Rock, AR, Michael McGaughran, Una McGeehan, Assistant Regional Counsel, Social Security Administration Office of General Counsel Region VI, Dallas, TX, for Defendant-Appellee

Before SMITH, ARNOLD, and COLLOTON, Circuit Judges.

PER CURIAM.

Rodney McCain appeals the district court's[1] order affirming the denial of disability insurance benefits. We agree with

---

1. The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

1. The Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was re-

the district court that substantial evidence on the record as a whole supported the administrative law judge's (ALJ's) determinations as to credibility and residual functional capacity (RFC). See Harvey v. Colvin, 839 F.3d 714, 715 (8th Cir. 2016) (reviewing de novo district court's decision, and affirming if Commissioner's decision is supported by substantial evidence on record as whole, including new evidence considered by Appeals Council). Because the ALJ gave several valid reasons for finding Mr. McCain's subjective complaints not entirely credible, we find that the credibility determination is entitled to deference. See Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016) (if ALJ's credibility determination is supported by good reasons and substantial evidence, this court will defer to ALJ's determination). As to the RFC determination, it was supported by some medical evidence, such as the assessments of a consulting physician, and also the RFC findings of reviewing physicians, which were less restrictive than those of the ALJ. See Boyd v. Colvin, 831 F.3d 1015, 1020 (8th Cir. 2016) (it is ALJ's responsibility to determine RFC based on all relevant evidence: medical records, observations of treating physicians and others, and individual's own description of his limitations); Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016) (RFC is medical question, and must be supported by some medical evidence of claimant's ability to function in workplace). Further, we agree with the ALJ that no treating or examining physician found any greater limitations. Accordingly, the judgment of the district court is affirmed, and Mr. McCain's motion to supplement the record is denied.

ferred for final disposition by consent of the

parties pursuant to 28 U.S.C. § 636(c).